IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 06-0219-WS |
| | ) |
| LARRY LAVON BLACKMON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 55).

Effective November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the United States Sentencing Guidelines. In general, and with certain exceptions, this Amendment (also known as the "2014 Drug Guidelines Amendment") revises the guidelines applicable to drug trafficking offenses by reducing by two the base offense levels assigned to particular drug quantities. The Commission has deemed Amendment 782 to apply retroactively, subject to certain limitations.

Pursuant to 18 U.S.C. § 3582(c)(2), defendant, Larry Lavon Blackmon, appears eligible for a sentence reduction upon retroactive application of the 2014 Drug Guidelines Amendment. Indeed, U.S. Probation Office calculations prepared on May 27, 2015 (*see* doc. 57) reflect that Blackmon is eligible for a two-level reduction in his base offense level pursuant to Amendment 782, as a result of which his guideline range would fall to 70 to 87 months (rather than the 84 to 105 months applied at his original sentencing hearing). If the Court were to impose a comparable low-end sentence, then Blackmon's sentence would be reduced from 84 months to 70 months, effective November 1, 2015.

Notwithstanding the foregoing, it is critically important to recognize that sentencing relief under § 3582(c)(2) is discretionary, not mandatory. *See, e.g., United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009) (district court's "decision whether to reduce the defendant's sentence, and to what extent, remains discretionary"). In exercising that discretion, courts must consider the factors recited in 18 U.S.C. § 3553(a), as well as "the nature and seriousness of the

danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10, Application Note 1(B)(i)-(iii); *see also United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009) (after recalculating eligible defendant's guideline range, "the district court must decide whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range after it has considered the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and … the defendant's post-sentencing conduct.") (citations and internal quotation marks omitted).

Information furnished by the U.S. Probation Office concerning Blackmon's post-sentencing conduct weighs heavily against his request for sentence reduction. In particular, the Probation Office reported that, between September 3, 2009 and January 28, 2015, Blackmon committed numerous serious disciplinary infractions in prison, including (among others) the following: engaging in sexual acts (five infractions), indecent exposure, threatening bodily harm, extortion/blackmail, lying or falsifying statement, being insolent to staff (two infractions), interfering with staff (two infractions), and refusing to obey an order. In deference to considerations of fairness and due process, "each party must be given notice and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010). On that basis, the undersigned issued a Show Cause Order (doc. 58) on May 28, 2015. That Show Cause Order gave formal notice to Blackmon of the above-described prison disciplinary information and the Court's intent to rely on same in adjudicating his pending § 3582(c)(2) Motion. The Show Cause Order further provided as follows:

> "Should Blackmon wish to contest this information, he must file written objections with the Clerk of Court on or before **June 22, 2015**. More generally, Blackmon is **ordered** to **show cause**, on or before **June 22, 2015**, why his Motion for Reduction of Sentence should not be denied based on his post-sentencing conduct and the concomitant concerns regarding public safety if his sentence were reduced."

(Doc. 58, at 3.) Blackmon has not filed a response to the May 28 Show Cause Order, and the time for doing so expired two weeks ago.

The Court has carefully considered all of the information before it pertaining to the sentencing factors listed in 18 U.S.C. § 3553(a), public safety considerations, and Blackmon's

post-sentencing conduct.  The Court has given due regard to Blackmon's extensive and worrisome prison disciplinary record, and his failure to provide any explanation or response to same.  Upon consideration of all evidence and information before it relating to the § 3553(a) factors, public safety considerations, and Blackmon's post-sentencing conduct, the undersigned exercises its discretion to retain the original sentence imposed in this case.  This determination is based on the Court's assessment of the nature and seriousness of the danger to the community that may be posed by a reduction in the defendant's term of imprisonment.  Accordingly, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 55) is **DENIED**.

    DONE and ORDERED this 7th day of July, 2015.

    s/ WILLIAM H. STEELE
    CHIEF UNITED STATES DISTRICT JUDGE